IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELWOOD FOGLEMAN,

    Plaintiff,

v.

STATE OF OREGON, DEPARTMENT
OF CORRECTIONS,

    Defendant.

Civ. No. 6:14-cv-02027-MC

OPINION AND ORDER

**MCSHANE, Judge:**

In July 2013, plaintiff Elwood Fogleman applied for an Inspector II position with defendant Oregon Department of Corrections. Plaintiff was ineligible for the position because, as a result of glaucoma in both eyes, he did not possess a valid driver's license. Plaintiff requested an accommodation, which defendant declined to consider. The issue before this Court is whether defendant is immune under the Eleventh Amendment from plaintiff's claims under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12117, and Oregon's antidiscrimination law, ORS § 659A.112. Because defendant's offer of judgment does not constitute a waiver of sovereign immunity, defendant's partial motion to dismiss, ECF No. 9, is GRANTED.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct.

1 – OPINION AND ORDER

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

## DISCUSSION

Defendant asserts sovereign immunity under the Eleventh Amendment and moves to dismiss plaintiff's claims under Title I of the ADA and ORS § 659A.112. In response, plaintiff argues that defendant voluntarily and unequivocally waived its immunity by making an offer of judgment under Fed. R. Civ. P. 68.

The Eleventh Amendment provides states with "sovereign immunity," allowing a state immunity from suit in federal court, whether by its own citizens or those of another state. *See* U.S. CONST. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). In general, there are three exceptions to this rule. First, Congress may abrogate state sovereign immunity by acting pursuant to a grant of constitutional authority. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000). Second, a state may waive its immunity if it does so voluntarily and unequivocally. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999). Third, under *Ex parte Young*, 209 U.S. 123 (1908), Eleventh Amendment immunity does not bar a claim against a state official when that claim seeks prospective injunctive relief. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

**I. Plaintiff's claim under the ADA**

Because Title I of the ADA does not abrogate Oregon's sovereign immunity,[1] this Court's analysis focuses on whether defendant voluntarily and unequivocally waived its immunity in this case. Plaintiff argues that defendant's voluntary offer of judgment under Fed. R. Civ. P. 68 unequivocally waived its immunity. But plaintiff cites no case law, and this Court is not aware of case law supportive of this proposition.[2] This Court declines to recognize an offer of judgment as an unequivocal waiver of immunity, particularly when such recognition would undermine judicial policy. See Marek v. Chesny, 473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation."). Thus, plaintiff's ADA claim against defendant *Oregon Department of Corrections* is dismissed.

Plaintiff may, in an amended complaint, assert an ADA claim under the *Ex parte Young* exception to sovereign immunity. As indicated, that exception is narrow and applies only to claims against *state officials* for "prospective injunctive relief in order to end a continuing violation of federal law." See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996) (citation and internal quotation marks omitted); see also Prowell v. Oregon, Civ. No. 03-80-HA, 2003 WL 23537979, at *5–6 (D. Or. Aug. 11, 2003) ("To state a claim under *Ex Parte Young* a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities and the relief sought must be prospective in effect.").

## II. Plaintiff's claim under ORS § 659A.112

Defendant is only subject to claims under ORS § 659A.112 if immunity has been waived. Defendant's offer of judgment did not accomplish this waiver, *see supra* § I, nor does ORS §

---

[1] Title I of the ADA does not abrogate a state's sovereign immunity, and it may not be used to recover monetary damages against a state, a state agency, or a government official acting within his or her official capacity. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).

[2] This Court notes that Fed. R. Civ. P. 68(b) provides, in relevant part: "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." *See also* 13 MOORE'S FEDERAL PRACTICE § 68.05 (Matthew Bender 3d. ed. 2014) ("It is improper . . . to file an unaccepted Rule 68 offer of judgment with the court, except in connection with a proceeding to determine costs or to determine whether an offer of complete relief has mooted the case.").

3 – OPINION AND ORDER

659A.112 specify Oregon's intention to be sued in *federal court*, *see Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995) ("[I]n order for a state statute to constitute waiver of Eleventh Amendment immunity, the statute at issue must specify the state's intention to be sued in *federal court*, because the state has a constitutional interest in *where* it may be sued." (emphasis in original) (citation omitted)). Thus, defendant's motion to dismiss plaintiff's claim under ORS § 659A.112 is GRANTED. Plaintiff's claim under ORS § 659A.112 is dismissed without prejudice so that plaintiff may reassert his claim, if he chooses to do so, in state court. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (noting that "[o]rdinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court" (citation omitted)).

## CONCLUSION

For these reasons, defendant's partial motion to dismiss, ECF No. 9, is GRANTED. Plaintiff is allowed fourteen days from the date of this order to file an amended complaint curing the deficiencies identified above.

IT IS SO ORDERED.

DATED this 20th day of April, 2015.

                                                  **Michael J. McShane**
                                                  **United States District Judge**

4 – OPINION AND ORDER