**STEPHEN L. BRISCHETTO, OSB No. 781564**
slb@brischettolaw.com
621 SW Morrison St., Ste 1025
Portland OR 97205
Telephone: 503-223-5814
Fax: 503-228-1317

**MATTHEW C. ELLIS, OSB No. 075800**
matthew@employmentlawpdx.com
621 SW Morrison St., Ste 1050
Portland OR 97205
Telephone: 503-226-0072

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **ELWOOD FOGLEMAN**, <br><br> Plaintiff, <br><br> vs. <br><br> **STATE OF OREGON, DEPARTMENT OF CORRECTIONS**, and **COLLETTE S. PETERS**, in her representative capacity <br><br> Defendant. | Case No. 6:14-cv-02027-MC <br><br> FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES <br><br> JURY TRIAL DEMANDED |

## I. JURISDICTION

1. This court has jurisdiction of plaintiff's claims for violation of the American Disabilities Act ("ADA") under 42 USC § 12112 and 29 USC § 794 for claims arising under the Rehabilitation Act of 1973.

2. Jurisdiction is proper over plaintiff's claims under 28 USC § 1331 for claims arising under the laws of the United States.

PAGE 1 - FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

Complaint.docx

3. This court has jurisdiction over plaintiff's claims for deprivation of his civil rights under 28 USC § 1343(3) and (4).

## II. PARTIES

4. Plaintiff, Elwood Fogleman, is a currently employed as a Compact Coordinator with the Defendant Oregon Department of Corrections ("DOC"). Plaintiff currently and at all times relevant herein, resides in Marion County, Oregon.

5. At all material times, Defendant DOC was a department of Oregon State Government. Defendant Collette S. Peters is the Director of the Department of Corrections. Defendant Peters is sued in her official capacity as Director of the Department of Corrections.

## III. FACTUAL ALLEGATIONS

6. Plaintiff is 65 years of age. He has been diagnosed with glaucoma in both his right and left eyes. As a result of his medical condition, plaintiff has medical restrictions including the inability to operate a motor vehicle himself or possess a valid state driver's license. Plaintiff is a qualified individual with a disability who, with or without reasonable accommodation can perform the essential functions of the Inspector 2 position.

7. Plaintiff commenced employment with defendant, DOC, on or about October 21, 1996. From 1996 through 2010, plaintiff worked as an Inspector I. In or about late 2006, plaintiff disclosed his medical condition to DOC and requested as a reasonable accommodation that he not drive in connection with his work as an Inspector. This accommodation was granted and, with this reasonable accommodation, plaintiff was capable of performing, and did perform, his work as an Inspector.

8. In or about October 2010, plaintiff's Inspector I position was eliminated due to a budget reduction. He accepted a position with DOC as an Interstate Compact Coordinator and continues to work in that position to this date.

9. In or about July 2013, plaintiff applied for an open Inspector 2 position with defendant. Plaintiff possessed the requisite skill, experience, education and other job-

PAGE 2 - FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

Complaint.docx

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Broadway, Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*

related requirements to perform the position.  Plaintiff was listed number one on the hiring list because of his skills and experience.

10. On or about July 11, 2013, defendants advised plaintiff via e-mail that he was eliminated from consideration for the Inspector 2 position because he did not possess a valid Oregon driver's license.  Plaintiff requested a reasonable accommodation related to the driving requirement for the Inspector 2 position.  Defendants did not initiate an interactive process to evaluate his reasonable accommodation request and, instead, excluded him from consideration for the Inspector 2 position.

11. From 1996 through 2006, defendants did not require an Oregon's driver's license to be eligible for a position as an Inspector 2 with DOC.

12. In or about early 2007, defendants changed the qualification standards for the Inspector 2 position to include a requirement that to be considered, an applicant must possess a valid Oregon's driver's license.  This change to the job description occurred after plaintiff informed defendants of his disability in late 2006 and requested accommodation.

13. On or about November 11, 2011, plaintiff spoke with Inspector General Williamson at Mr. Williamson's personal residence regarding the driving that was required to perform Inspector 2 positions.  During this conversation, Mr. Williamson told plaintiff that Inspector 2 positions do not really require driving as part of the job and that the essential functions of such positions primarily concerned gathering information related to criminal, gang and drug activity for DOC and other law enforcement agencies.  Mr. Williamson was familiar with plaintiff's previous positions within the Special Investigation Unit of DOC and had knowledge that plaintiff had lost his driving privileges due to his medical issues.  Defendants' requirement that an applicant for an Inspector 2 position have a valid Oregon driver's license is not a business necessity.   Furthermore, Defendants cannot demonstrate that a reasonable accommodation would not cure any concern about an applicant's ability to perform the job arising from their lack of possessing a driver's license.

PAGE 3 -   FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

Complaint.docx

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Broadway, Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*

14. Plaintiff is entitled to injunctive relief and declaratory relief including a declaration that defendants violated Plaintiff's rights under the ADA, an injunction barring defendants from using overbroad qualification standards, especially with regard to drivers licenses, that screen out or have a tendency to screen out qualified individuals with disabilities, an Order requiring defendants to provide him with reasonable accommodation, and an Order appointing plaintiff into the position which he was denied.

15. Defendants' discrimination against Plaintiff was pursuant to defendants' ongoing violation of federal law and an ongoing use of overbroad qualification standards that screen out, or have a tendency to screen out, persons with disabilities.

16. As a result of defendants' unlawful conduct, plaintiff has suffered lost wages, lost fringe benefits, and lost prejudgment interest in an amount to be determined at trial. In the alternative to being appointed into the position in which he was denied, Plaintiff seeks an award of an award of lost future wages and fringe benefits in an amount to be determined at trial.

17. As a result of defendants' unlawful actions, plaintiff has suffered mental and emotional distress and compensatory damages in an amount to be determined at trial.

18. On or about December 23, 2013, plaintiff filed his tort claim notice with the Director of the Oregon Department of Administrative Services pursuant to ORS 30.275.

19. On or about February 28, 2014, plaintiff filed a complaint with the Bureau of Labor Industries ("BOLI") and the Equal Employment Opportunity Commission. On October 1, 2014, BOLI issued a notice of right to file a civil suit. Plaintiff's complaint is filed in this court within 90 days of BOLI's notice.

### IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Against Defendant Peters)**

20. Plaintiff incorporates by reference paragraphs 1 through 15, and 18 through 19 above.

PAGE 4 -  FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

Complaint.docx

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Broadway, Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*

21. Defendant discriminated against plaintiff on the basis of his disability and failed to consider him for a position in July 2013, which he was otherwise qualified for, in violation of 42 USC § 12112. Defendant discriminated against plaintiff based upon his disability by adopting and using qualification standards that screened out or had a tendency to screen out Plaintiff, an otherwise qualified individual with a disability.

22. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 12205.

## SECOND CLAIM FOR RELIEF

### (Against all Defendants)

23. Plaintiff incorporates by reference paragraphs 1 through 19 above.

24. Defendants violated the Rehabilitation Act of 1973, 29 USC § 794 by excluding Plaintiff from participating in the July 2013 hiring process with the Oregon Department of Corrections. Defendants discriminated against plaintiff based upon his disability by adopting and using qualification standards that screened out or had a tendency to screen out Plaintiff, an otherwise qualified individual with a disability.

25. Plaintiff is entitled to attorney fees and costs pursuant to 29 U.S.C. § 794a.

### V.   RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1. On Plaintiff's Second Claim for Relief, an award of lost wages and fringe benefits, and prejudgment interest through trial in an amount to be determined at trial; and, an award for mental and emotional distress and other compensatory damages in an amount to be determined at trial;

2. On Plaintiff's First and Second Claim for Relief, injunctive relief precluding defendants from adopting and using qualification standards that screen out or have a tendency to screen out qualified individuals with disabilities, appointing plaintiff into the position which he was denied and requiring defendant to provide him with reasonable accommodation. In

PAGE 5 -  FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

Complaint.docx

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Broadway, Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*

the alternative, and for Plaintiff's Second Claim for Relief only, an award of lost future wages and fringe benefits in an amount to be determined at trial.

      3.     An award of costs and reasonable attorney fees; and

      4.     All other fit and proper relief.

DATED this 6th day of May, 2015.

     _s/Matthew C. Ellis_
**Stephen L. Brischetto, OSB No. 781564**
Attorney for Plaintiffs
621 SW Morrison St., Suite 1025
Portland, Oregon 97205
Attorney for Plaintiff
Ph:503-223-5814
slb@brischettolaw.com

**Matthew Ellis, OSB No. 75800**
621 SW Morrison, Suite 1050
Portland, Oregon 97205
Attorney for Plaintiff
Ph: 503-226-0072
matthew@employmentlawpdx.com

Plaintiff herein demands trial by jury.

     _s/Matthew C. Ellis_
**Stephen L. Brischetto, OSB No. 781564**
Attorney for Plaintiffs
621 SW Morrison St., Suite 1025
Portland, Oregon 97205
Attorney for Plaintiff

**Matthew Ellis, OSB No. 75800**
621 SW Morrison, Suite 1050
Portland, Oregon 97205
Attorney for Plaintiff

PAGE 6 -  FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

Complaint.docx